FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

03 DEC -3 AM 9: 51

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ROLLEN JACKSON, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-98-CO-01851-E |
| TALLADEGA COUNTY BOARD OF EDUCATION, | ] |
| Defendant(s). | ] |

ENTERED
DEC 0 3 2003

MEMORANDUM OF OPINION

This cause is before the court for consideration of defendant's Motion for Entry of Judgment on Directed Verdict Already Rendered, filed August 25, 2003. [Doc. # 163]. The motion has been fully briefed and is ready for submission. Upon due consideration, the motion will be granted. This Court's immediate predecessor,[1] the Hon. Edwin L. Nelson, tried this action

___

[1] The undersigned is the fifth United States District Judge to be assigned to this action. The action has been considered by a panel of the Eleventh Circuit and has been tried to a jury twice. In his Memorandum of Opinion entered May 1, 2002, Judge Nelson described the case's complex procedural history. After the case was transferred from the Middle District of Alabama, the Hon. Robert Propst granted summary judgment for the defendant as to all of Mr. Jackson's claims. The Eleventh Circuit reversed in part and remanded. The Hon. Dean Buttram tried the case in 2001. However, upon discovering that a juror had failed to disclose a previous felony conviction, the jury



to a jury from June 17, 2002, to June 26, 2002. However, on June 26, 2002, after the jury began deliberating but before it rendered a verdict, Judge Nelson dismissed the jury and stated he was granting the defendant's Rule 50 motion. See, Trial Transcript, Doc. 172, pp. 1175 - 1184. Judge Nelson died on May 17, 2003, without entering a final judgment in the case.

Although Judge Nelson never entered a written order, this Court has made itself familiar with the record and is satisfied that Judge Nelson orally granted the defendant's Rule 50 motion for judgment as a matter of law and stated his reasons for doing so in open court. In addition to making itself able to certify that it is familiar with the record, this court has further determined that proceedings in the case may be completed without prejudice to the parties. Accordingly, pursuant to Fed. R. Civ. P. 63, and for the reasons set forth herein, this court will enter judgment in favor of the defendant.

---

verdict was set aside and the case was reassigned to Judge Nelson. After Judge Nelson's death, the case was reassigned to the undersigned.

I.     Discussion.

The defendant filed a motion under Fed. R. Civ. P. 50 for Judgment As A Matter of Law At The Close Of The Plaintiff's Evidence. [Docs. 146, 148].

During a colloquy with counsel, Judge Nelson said:

> I tell you what lets do. Let's just take it away from the jury. I will grant the Rule 50 motion and you can go over to Atlanta. And if they disagree, you can try it with another judge. I think the motion's due to be granted. I had hoped we would get a jury confirmation. . . .

(Transcript, Doc. 172, pp. 1175-6). Addressing the jury, Judge Nelson said:

> . . .Ladies and Gentlemen, I have come to a decision and I think you are entitled to an explanation about the decision. . . .

(Transcript, Doc. 172, p. 1177).

> . . . We talked a great deal before I instructed you on yesterday about Question Number Three. And to refresh your memory, Question Number Three would read, Do you find from a preponderance of the evidence that the plaintiff's interest in his speech activity outweighed the interest of the defendant in the efficient and smooth operation of the public functions it is charged with performing. Under the law, that is not a question for the jury; it's a question for me, one that I have to answer. I never should have submitted it to you. Frankly, I had hoped that you would get me off the hook.
>
> But having seen and talked to the lawyers, I think my responsibility is to bite the bullet and do what they pay me to do, which is answer Question Number Three. And I have decided

> to do that, and because I am going to answer Question Number Three "No", then that means there is nothing for you to do.
>
> We very much - don't feel that your time has been wasted because having heard this case in a full trial, all of the evidence, the parties have been given an opportunity to present all of the evidence that they had and want to present. So we have a complete record. The record is sufficient that I can make that decision, the Court of Appeals can look at it. . . . You have made a complete record that hopefully this case can finally be put to rest.

(Transcript, Doc. 172, pp. 1181-2). He further stated to the jury:

> . . . But my sense is that by leaving that question to you, if you had answered no, then that certainly resolved any problem with appeal, at least in that respect. But my sense is that it is my responsibility and I need to accept that responsibility, and I need to do what I think is the correct thing to do with it, and I am going to do that.
>
> I guarantee you that - one of them's sitting back there, by the way - but one of my law clerks or secretary or somebody who works for me were to write me a letter calling me a deceiver and a. - there wouldn't be any due process. That person would be gone before the day was out because I am entitled to run an office with respect and mutual respect in an orderly, harmonious way and the superintendent at the county Board of Education of Talladega County, a new superintendent, was entitled to try to establish her credentials and her leadership without being subjected to the sort of thing that Mr. Jackson presented.

(Transcript, Doc. 172, pp. 1183-4). After completing his remarks, Judge Nelson dismissed the jury.

The plaintiff seeks a retrial, claiming that, unless all parties agree to a resolution based on the trial transcript, a successor judge must re-try a case when a trial judge in a civil jury trial becomes disabled before issuing findings of fact or conclusions of law, *citing, inter alia, Zand v. Commissioner of Internal Revenue Service*, 143 F.3d 1393 (11th Cir. 1998). However, this Court finds *Zand* inapposite.

The *Zand* case involved a bench trial in which the presiding judge was required to make credibility determinations and to set out findings of fact and conclusions of law. The second sentence of Rule 63 applies in a bench trial and specifically requires recall of witnesses whose testimony is disputed and material at the request of any party. However, Judge Nelson presided over a jury trial and, in deciding the Rule 50 motion, could not make credibility determinations or findings of fact. The granting of a Rule 50 motion is appropriate if, during a jury trial, "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue . . . ." Therefore, this court need not look for fact findings or credibility determinations by Judge Nelson to support his ruling, nor is this court called upon to make fact findings or

credibility determinations to rule on the defendant's motion for Entry of Judgment on Directed Verdict Already Rendered. *See Mesa Petroleum Co. v. Coniglio*, 787 F.2d 1484 (11th Cir. 1986)(appropriate for successor judge to decide legal issues based on undisputed factual record). The first sentence of Rule 63 is applicable in this case, and does not require retrial or recall of witnesses if the successor judge can certify familiarity with the record and determines that proceedings in the case can proceed without prejudice to the parties. Fed. R. Civ. P. 63. Having done so, this Court can rule, as did Judge Nelson, that the plaintiff's interest in his speech activity did not outweigh the interest of the defendant in the efficient and smooth public functions it was charged with performing. *See Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1157 (11th Cir. 2002)(discussing *Pickering* balance test).

Alternatively, this court is empowered to complete the ministerial act of entering judgment based on Judge Nelson's decision. While the *Zand* trial judge made some qualified comments about his reaction to the evidence, he specifically stated that he was not making a decision on that date. The Eleventh Circuit duly noted that the judge's comments from the

bench were not findings of fact binding on the successor judge. *Zand*, 143 F.3d at 1400. In contrast, Judge Nelson explicitly stated that he was taking the case away from the jury and granting the defendant's motion for judgment as a matter of law. He further explained his decision in his remarks to the jury. In addition to the remarks Judge Nelson made from the bench, the post-trial record shows that Judge Nelson granted the defendant's Rule 50 motion. In a June 28, 2002, order, Judge Nelson ordered the jury's responses to special interrogatories sealed, stating "[o]n June 26, 2002, this court directed a verdict in the above-styled action pursuant to Rule 50 of the Federal Rules of Civil Procedure." [ Doc. 155]. Similarly, upon submitting the index responsive to the Court's June 26, order, the plaintiff stated that the filing was "pursuant to the Court's Order on June 26, 2002 upon granting of the defendant's Rule 50 motion." [Doc. 157]. Although Judge Nelson withheld the entry of a written opinion and judgment closing the case, he did not withhold his ruling. Rather, he kept the record open to allow submission by the plaintiff of "an index of every instance of protected speech [plaintiff claims] was at issue in this case." (Transcript, Doc. 172, p. 1185). He said:

> Mr. Perkins, 11 days from today; . . . I want in writing a specification, chapter, verse, detail, every "I" dotted, every "T" crossed, index of every instance of protected speech you claim was at issue in this case. . . . Following that, within 15 days, I expect the defendant to brief your motion, your Rule 50 motion, and then 15 days after that plaintiffs may respond. . . . Plaintiff may respond. You need to reply ten days thereafter. I am afraid I am letting Scott off the hook by dragging it out like that, but he has got a good - we are going to get a good law clerk to succeed him, so I am sure we'll be able to handle it. All right, thank you very much, gentlemen.

(Transcript, Doc. 172, pp. 1185-1186). Judge Nelson's custom would have been to enter a written opinion explaining his ruling, as he typically did in ruling on summary judgment motions. However, his failure to enter a written explanation does not render that ruling a nullity. Rule 63 does not permit a successor judge to overrule a prior decision of the first judge in the case, absent changed circumstances such as an intervening decision of a higher court. *See 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2922 (2d Ed. 1995) (collecting cases).* Although Judge Nelson unquestionably granted the motion for judgment as a matter of law, he became ill and passed away before entering the final judgment. It has, therefore, become the duty of the undersigned, as successor to Judge Nelson, to complete the ministerial task of signing the

judgment. *Life and Fire Ins. Co. of New York v. The Heirs of Nicolas Wilson*, 33 U.S. 291 (1834).

II.  Conclusion.

This Court has made itself familiar with the record and certifies its familiarity with the proceedings. The case can be completed and judgment entered for the defendant without prejudice to either party. Furthermore, based on its familiarity with the record, this Court has determined that signing the judgment is merely a ministerial act which this court is required to perform to perfect the decision previously made by Judge Nelson. A separate order will be entered.

Done this 2nd day of December 2003.

L. SCOTT COOGLER<br>
UNITED STATES DISTRICT JUDGE